IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW LEONARD ZETTERVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23-cv-206 (LMB/WEF) |
| ) | |
| ZACHARY PIPER SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Pending before the Court is defendant Zachary Piper Solutions, LLC's ("defendant" or "Zachary Piper Solutions") Motion to Dismiss, which was filed on April 7, 2023. [Dkt. No. 7]. The Motion to Dismiss provided pro se plaintiff Matthew Leonard Zettervall ("plaintiff") with a clear notice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of his right to respond within 21 days and warning that the Motion to Dismiss could result in the dismissal of his Complaint if he failed to respond. [Dkt. No. 7] at 2. The Motion to Dismiss was mailed and emailed to plaintiff on April 7, 2023, id. at 3, and plaintiff also received e-noticing of this filing on CM/ECF, [Dkt. No. 3]. As of May 4, 2023, plaintiff has neither requested additional time to respond to, nor filed an opposition to, defendant's Motion to Dismiss. Although defendant noticed the Motion to Dismiss for a hearing on May 19, 2023, oral argument will not aid in the decisional process, therefore the hearing is cancelled and the motion will be resolved on the papers. For the reasons that follow, defendant's Motion to Dismiss will be granted, and the Complaint will be dismissed.

On February 14, 2023, plaintiff, acting pro se and using a standard complaint form, filed an employment discrimination lawsuit against his former employer, Zachary Piper Solutions,

alleging that his employer had violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. [Dkt. No. 1]. The entirety of plaintiff's Complaint consists of two sentences which alleged that plaintiff "was fired on November 24, 2021 because [he had] obtained a religious exemption from the COVID-19 vaccination mandate" and "was not provided reasonable accommodations for [his] hearing disability prior to [his] termination" from employment. Id. at 4. For remedies, plaintiff seeks "back pay from November 24, 2021 [of] approximately $25,000," "front pay [of] approximately $780,000 (6 years left on contract)," "pecuniary damages of $100,000" and "reimbursement for attorney's fees [of] $10,000."[1] Id. The Complaint does not allege that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or exhausted his administrative remedies.

On March 13, 2023, plaintiff filed a letter attaching the Dismissal and Notice of Rights ("Right to Sue") that he received from the EEOC. [Dkt. No. 5]. The Right to Sue notice was issued on November 17, 2022, and stated: "[t]he EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge." [Dkt. No. 5-1] at 1. The EEOC advised plaintiff of the dismissal of his charge and his right to sue within 90 days of receipt of the notice. Id. Plaintiff timely filed the Complaint in this Court.

Defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6), which requires a court to dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although allegations in a pro

---

[1] As a pro se litigant, plaintiff cannot recover attorney's fees.

2

se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief. See Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016). Defendant argues that the Complaint must be dismissed because plaintiff has failed to exhaust his administrative remedies and his claims are time-barred, and that even had he exhausted his remedies, the Complaint fails to state a plausible claim for relief.

Title VII imposes a non-jurisdictional but mandatory claim-processing rule that requires a plaintiff to first file a charge of discrimination with the EEOC and exhaust his administrative remedies before pursuing his claims in federal court. See Fort Bend County v. Davis, 139 S. Ct. 1843, 1849-52 (2019); Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint," and "[t]he plaintiff's filing with the EEOC must also be timely." Id. at 417. In Virginia, a plaintiff alleging discrimination under Title VII must file a charge of discrimination with the EEOC within 300 days from the date of discrimination. 42 U.S.C. § 2000e-5(e)(1); see Smith v. Strayer Univ. Corp., 79 F. Supp. 3d 591, 598 (E.D. Va. 2015). The ADA imposes the same administrative exhaustion requirements as Title VII. See id. If a plaintiff fails to file a timely charge of discrimination with the EEOC, the claim is time-barred and ordinarily may not be pursued in federal court; however, the failure to file a timely charge with the EEOC is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). "Courts may evaluate whether it would be proper to apply such doctrines" and thereby toll the statutory deadline for filing an EEOC charge, but such tolling should "be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002); Hentosh, 767 F.3d at 417.

Defendant argues that the Complaint does not allege that plaintiff filed a charge of discrimination against Zachary Piper Solutions or that he received a Right to Sue notice from the EEOC. See [Dkt. No. 8] at 4. Although these allegations are not pleaded in the Complaint, on March 13, 2023, plaintiff filed a Right to Sue notice from the EEOC dated November 11, 2022, [Dkt. No. 5], which defendant does not address in its motion. Nonetheless, assuming that the Right to Sue notice pertained to plaintiff's charges of discrimination against Zachary Piper Solutions that are the basis for this Complaint,[2] plaintiff's claims are time-barred because the Right to Sue notice states that plaintiff failed to timely file his charge with the EEOC by waiting "too long after the date of the alleged discrimination to file [his] charge."[3] [Dkt. No. 5-1] at 1. By not responding to defendant's Motion to Dismiss, plaintiff has not contested defendant's claim that he did not timely file a charge with the EEOC. If plaintiff did not timely file a charge with the EEOC, the Court cannot discern any reason from the Complaint to equitably toll the filing deadline. Accordingly, plaintiff's Complaint must be dismissed for failure to exhaust the required administrative remedies.

Even if plaintiff had exhausted his administrative remedies, the Complaint contains only two sentences of conclusory allegations of discrimination. A complaint must allege "more than labels and conclusions," and a Title VII or ADA plaintiff "is required to allege facts to satisfy the elements of a cause of action created by that statute" which state a violation "above a speculative level." Bing v. Brivo Sys., LLC, 959 F.3d 605, 616-17 (4th Cir. 2020).

---

[2] The Right to Sue notice does not indicate the name of the employer against whom plaintiff filed his charge of discrimination.

[3] Because plaintiff was fired on November 24, 2021, he was required to file a charge of discrimination with the EEOC on or before September 20, 2022.

To state a claim for Title VII discrimination, a complaint must "include adequate factual allegations to support a claim that the [employer] discriminated against [the plaintiff] because [of his protected status]." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 583 (4th Cir. 2015) (emphasis in original). Although a complaint need not plead a prima facie case of discrimination to survive a motion to dismiss, "courts may look to the requirements of a prima facie case as a guide in assessing the plausibility of plaintiff's claim for relief," which are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action [. . .]; and (4) that similarly situated employees outside the protected class received more favorable treatment." Anthony D. Craft, v. Fairfax County, No. 1:16-cv-86 (JCC/MSN), 2016 WL 1643433, at *4-5 (E.D. Va. Apr. 26, 2016) (internal quotations omitted). Although the Complaint alleges adverse action (i.e., termination) and suggests that plaintiff was a member of a protected class based on religion, the Complaint does not contain a plausible inference of religious discrimination. The assertion that plaintiff was fired because he obtained a religious exemption from the COVID-19 vaccination is conclusory and unsupported by factual allegations, and the Complaint does not allege that plaintiff was performing his job satisfactorily or faced differential treatment from other employees outside the protected class.

To the extent plaintiff is asserting a claim for unlawful retaliation, the allegations in the Complaint are insufficient. To allege a Title VII retaliation claim, a complaint must allege that "(1) [the plaintiff] engaged in a protected activity; (2) an adverse action was taken against [him] by the [d]efendant; and (3) there was a causal connection between the first two elements." Forgus v. Mattis, 753 Fed. Appx. 150, 154 (4th Cir. 2018). The Complaint does not allege any facts that support a reasonable inference, beyond speculation, that plaintiff engaged in any protected activity.

As for plaintiff's claim that he was not provided a reasonable accommodation for his hearing disability, the Complaint does not allege the elements of a failure to accommodate claim under the ADA. A failure to accommodate claim "consists of the following elements: (1) the employee was an individual who had a disability within the meaning of the statute; (2) the employer had notice of the disability; (3) with reasonable accommodation the employee could perform the essential functions of the position; and (4) the employer refused to make such accommodation." Ainsworth v. Loudon Cnty. Sch. Bd., 851 F. Supp. 2d 963, 980 (E.D. Va. 2012). Here, the Complaint does not allege sufficient facts supporting that plaintiff had a qualifying disability and requested accommodations that were reasonable. The Complaint does not even identify the accommodations requested by plaintiff or the dates on which plaintiff sought an accommodation and when the request was denied. The Complaint alleges only that plaintiff was "not provided reasonable accommodations for [his] hearing disability," [Dkt. No. 1] at 4, which is insufficient to state a violation of the ADA.

In sum, even had plaintiff timely filed his EEOC charge, dismissal of the Complaint is warranted because it fails to state a plausible claim for relief under either Title VII or the ADA. For these reasons, defendant's Motion to Dismiss [Dkt. No. 7] is GRANTED, and it is hereby

ORDERED that the Complaint [Dkt. No. 1] be and is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the hearing on defendant's Motion to Dismiss set for Friday, May 19, 2023, be and is CANCELLED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal.

Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in favor of defendant under Fed. R. Civ. P. 58, forward copies of this Order to counsel of record and Matthew Leonard Zettervall, pro se, and close this civil action.

Entered this 5 day of May, 2023.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge